## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Civil Action Number:

ALEXANDER JOHNSON
     Plaintiff,
vs.

RJ AGENCY, LLC.,
a Florida limited liability company

     Defendant.

---

## COMPLAINT

---

Plaintiff, Alexander Johnson, by and through his undersigned counsel, hereby files this Complaint and sues RJ Agency, Inc., a Florida limited liability company for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12181-12189 ("ADA") and compensatory and punitive damages pursuant to the Florida Civil Rights Act as codified in Florida Statutes Chapter §760, specifically, F.S. §760.08 and alleges:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA") and 28 C.F.R. §36.303 and supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. §1367.  The foregoing constitutes violation of 28 C.F.R. §36.303 and 42 U.S.C. §12182.

2.    This Court is vested with original jurisdiction under 28 U.S.C. §1331.

1

3. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in the State of Florida, So. District of Florida.

4. Remedies provided by Florida Statute §760 are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

5. ALEXANDER JOHNSON (hereinafter referred to as "Plaintiff") was (and is currently) a resident of the State of Florida who suffers from what constitutes a "qualified disability" under the ADA. The Plaintiff is (and has been) hearing impaired and suffers from severe bilateral sensorineural hearing loss. The Plaintiff's disability is defined in 28 C.F.R. §36.104 (1)(iii); Plaintiff's hearing impairment is listed among the physical impairments that substantially limits one or more major life activities; therefore the Plaintiff suffers from a disability covered by the protected class of disabled persons under the ADA and by F.S. §760.02(6).

6. At all times material hereto, the Defendant RJ Agency, LLC is hereinafter referenced as "Defendant", or as "RJ Agency". Defendant is authorized to conduct, and is conducting, business within Broward county, state of Florida.

7. The Defendant RJ Agency is (and was, at all times material hereto) operating as an insurance agency. The Defendant is an insurance agency authorized to issue/sell and service insurance policies on behalf of Government Employees Insurance Company which is more commonly known as Geico Insurance Company (hereinafter referenced as "Geico Insurance"), and to service the general public whom have purchased Geico Insurance policies of insurance.

2

8. The Defendant's insurance agency office store is located at 5360 S University Drive, Davie, Florida 33328 (referred throughout as: "insurance agency office store", "public accommodation", "5360 S University Drive", or "Subject Facility"). The insurance agency office store is open to the public for purposes of the general public purchasing insurance products and offering insurance services including having their automobiles inspected for automobile insurance issued by Geico Insurance through its agent, the Defendant RJ Agency. Defendant RJ Agency's insurance agency office store is a place public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §§12182; 28 C.F.R. Part 36 and the Florida Civil Rights Act, codified as Title XLIV.

9. The Defendant's insurance agency office store sells insurance policies and services insurance policies to the general public. Therefore Defendant's insurance agency office store is a public accommodation subject to Chapter 760, F.S. §760.01(2) (regarding discrimination) and §760.02(11)(d) (as "other covered establishments").

10. The Defendant insurance agency office store is equipped with a large screen television set ("television feature") in the reception area which is open to the general public. The television feature provides entertainment and adds to the enjoyment of the general public's general experience when coming to the insurance agency office store. The Defendant failed to make its television feature readily accessible to and usable by individuals with hearing disabilities and failed to furnish appropriate auxiliary aids and services to for patrons with hearing disabilities.

11. On June 13, 2014 the Plaintiff personally visited the insurance agency office store owned in order to have his vehicle inspected and to have certain aspects of

3

the Geico insurance policy he had purchased explained to him by the insurance agent at Defendant RJ Agency. Plaintiff's visit was prior to instituting the instant action.

12. The Plaintiff wanted to watch the television feature provided within the insurance agency office store's reception area. At the time of Plaintiff's visit, the television was featuring news on the Iraq conflict, and the Plaintiff was interested in the news. However, the Plaintiff was unable to fully comprehend the television programming which was made available to the general public because the closed captions were not enabled.

13. The Plaintiff approached Defendant's employee seated in the reception area right below the television, and asked for assistance in activating the closed captioning feature on the television feature so he could fully comprehend the television programming. The Defendant's employee informed the Plaintiff that the television feature was exclusively for the employees at the insurance agency office store and not for entertainment of the customers (general public), though the television feature was located in the waiting room area for the customers (general public).

14. The Defendant's employee told the Plaintiff to 'just finish the paperwork' and dismissed Plaintiff's request.

15. The employee did not turn the television feature 'off' to prevent further discrimination.

16. Plaintiff was denied the opportunity to fully comprehend the television programming offered; therefore, the Plaintiff suffered an injury in fact.

17. This discrimination has resulted in Plaintiff being denied full and equal access to the news, information, entertainment, products and services available at the

Defendant's insurance agency office store, which is a place of public accommodation, and which therefore is the subject of this lawsuit. See, Exhibit "A" for verification of visit to the Defendant's insurance agency office store.

18.     As an insurance agency authorized to represent Geico Insurance[1] through its insurance agency office store, the Defendant knew or should have known of the ADA requirements to maintain its insurance agency office store in compliance with the ADA. Specifically, the Defendant should have known that if it provided television entertainment in its reception area for the general public (its customers), that it must insure that television set be equipped with closed captioning.

19.     Therefore, the Defendant's failure to reasonably accommodate the hearing disabled by providing closed captioning on its television feature which was clearly in the public area of the Defendant's insurance agency office store is/was willful, malicious, and oppressive and in compete disregard for the rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

20.     As a result of the Defendant's discrimination, the Plaintiff suffered loss of dignity, mental anguish and other tangible injuries.

21.     The Plaintiff has his automobile insurance with Geico. The Plaintiff has reason to visit the Defendant's insurance agency office as the need arises associated with his Geico Insurance automobile insurance policy. The Plaintiff continues to desire to return to the insurance agency office store to discuss consolidation of his other vehicles with his Geico Insurance automobile insurance policy, but continues to be injured in that he is concerned that, should he attempt to patronize the Subject Facility, he will again be

---

[1] one of the largest auto insurance carriers in the United States

5

unable to understand the auditory portion of the television feature located in the reception area of the insurance agency office for the general public enjoyment, all in violation of his civil rights, the ADA, and state statutes.

22.     Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

23.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 – 22 above.

24.     The Americans with Disabilities Act ("ADA") is landmark civil rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities.  The ADA was enacted and effective as of July 26, 1990.  The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 23 years.

25.     The Hearing Loss Association of America reports that approximately 36 million American adults report some degree of hearing loss. Approximately 1 million Americans are functionally deaf.

26.     Many people with hearing loss utilize closed and open captioning to fully comprehend television programming.  Closed captioning displays dialogue, and may also identify who is speaking and include non-speech information conveyed through sound, such as sound effects, music and laughter.

27.     For the hearing disabled, closed captioning is essential to understanding information being presented though television sets.  Closed captioning is the established

6

method by which the hearing impaired can fully understand the information that is being communicated on television sets (such as Defendant's television feature).

28.  Plaintiff's hearing impairment limits major life activities including his ability to hear.  Therefore, Plaintiff is an individual with a disability under Title III of the "ADA", §§12181-12189. Thus, Plaintiff is a qualified individual with a disability and is entitled to the protections of the ADA under 42 U.S.C. §12181, etc. seq.

29.  Public accommodations such at the Defendant's insurance agency office store, are required to provide full and equal enjoyment of their services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to people with disabilities. 42 U.S.C.§12181(7)(E), §12182(a); 28 C.F.R. §36.203(a). Specifically, the public accommodation must:

    a.  Ensure that no individual is discriminated against on the basis of disability in the full and equal enjoyment of their goods, services, facilities, privileges, advantages or accommodations. 42 U.S.C. §12182(a); 28 C.F.R. §36.201(a);

    b.  Make reasonable modifications in policies, practices, or procedures when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to people with disabilities, unless the public accommodation can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations. 42 U.S.C. §12181(9) §12182(b)(1)(B), §12188(a); 28 C.F.R. §36.302 (a);

    c.  Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the

absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense. 42 U.S.C. §12818(9), §§12182(b)(2)(A)(ii), (iii); 28 C.F.R. §36.303(a);

d. Ensure that all of its exhibits and televisions are readily accessible to, and usable by, people with disabilities. 42 U.S.C. §12183(a); 28 C.F.R. §36.401(a)(1), §36.402(a)(1).

30. The Defendant has violated Title III of the ADA in numerous ways, including discriminatory action which occurred when the Defendant:

a) Failed to maintain policies and procedures to ensure compliance with 42 U.S.C. §12182(a); 28 C.F.R. §36.303(a); specifically failed to provide auxiliary aids and services for patrons who are deaf or hard of hearing in all television displays.

b) Denied full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, and other advantages of the public accommodation in violation of 42 U.S.C. §§12182(b)(2)(A)(ii), (iii); 28 C.F.R. §36.303(a).

31. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to require the Defendant to assure that its insurance agency office store, which is a place of public accommodation, provide full and equal enjoyment of its services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12181(9), §12812(a); 28 C.F.R. §36.201(a).

32. The Court is vested with the authority to require the Defendant to assure that its insurance agency office store (a place of public accommodation) make reasonable modifications in policies, practices, or procedures when the modifications are necessary to afford services, facilities, privileges, advantages, or accommodations to people with disabilities. 42 U.S.C. §12181(9), §12182(b)(2)(A)(ii); 28 C.F.R. §36.302(a)

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against the RJ Agency, LLC including entering a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title III of the ADA, and permanently enjoin the Defendant from any practice, policy and/or procedure which will deny Plaintiff full and equal enjoyment of its goods, services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to people with disabilities. This includes entry of a permanent injunction ordering the Defendant RJ Agency, LLC:

   a) To cease discrimination against the Plaintiff and other disabled persons;

   b) To assure that its insurance agency office store (a place of public accommodation) provide full and equal enjoyment of its services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to people with disabilities;

   c) To furnish appropriate auxiliary aids and services for patrons who are deaf or hard of hearing for all television features (including but not limited to providing close captioning) to ensure effective communication with people with disabilities unless the Defendant can demonstrate that taking those steps

would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or result in an undue burden. "Auxiliary aids and services" includes open and closed captioning, assistive listening devices, assistive listening systems, videotext displays, accessible electronic and information technology or other effective methods of making aurally delivered information available to individual who are deaf of hard of hearing in the Subject Facility. 42 U.S.C. §12181(9), §12182(b)(2)(A)(ii); 28 C.F.R. §36.303(a);

d) Insure that its television features are readily accessible to, and usable by, people with disabilities.

e) Maintain in operable working condition those television features required to be accessible by said Order;

f) Award reasonable costs and attorneys fees; and

g) Award any and all other relief that may be necessary and appropriate.

## COUNT II - VIOLATION OF FLORIDA STATUTE §760

33. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 – 22 above.

34. Defendant has violated Florida Statute §760, which provides all persons shall be entitled to the full and equal enjoyment of goods, services, facilities, privileges, and advantages in any of public accommodation, without discrimination or segregation on the ground of handicap.

35. The violations of Florida law were deliberate and knowing.

10

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against the Defendant RJ Agency, LLC., including compensatory damages, damages for intangible injuries, punitive damages, costs including reasonable attorney's fees and interest and for the following injunctive relief and declaratory relief:

a) A declaration that the policies and procedures of the Defendant have violated Florida Statute §760 in that the Defendant failed to consider and accommodate the needs of disabled persons to the full extent required by Florida law.

b) An Order mandating that the Defendant furnish appropriate auxiliary aids and services for patrons who are deaf or hard of hearing in all television features (including but not limited to providing close captioning) where necessary and to ensure effective communication with people with disabilities. "Auxiliary aids and services" includes open and closed captioning, assistive listening devices, assistive listening systems, videotext displays, accessible electronic and information technology or other effective methods of making aurally delivered information available to individual who are deaf of hard of hearing in the Subject Facility;

c) An Order mandating that the Defendant train its employees, including management staff, to comply with all appropriate laws;

d) An Order mandating that the Defendant evaluate its policies, practices, and procedures toward persons with disabilities and undertake and complete corrective measures to provide equal access to individuals with disabilities who are deaf or hard of hearing within a reasonable time;

  e)  Award compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

  f)  Award reasonable costs and attorneys fees; and

  g)  Award any and all other relief that may be necessary and appropriate.

Dated this November 11, 2014

        Respectfully submitted,

        *s/Scott Dinin*
        Scott R. Dinin, Esq.
        Scott R. Dinin, P.A.
        4200 NW 7th Avenue
        Miami, Florida 33127
        Tel: (786) 431-1333
        inbox@dininlaw.com
        *Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Action Number:

ALEXANDER JOHNSON

    Plaintiff,

vs.

RJ AGENCY, LLC.,
a Florida limited liability company

    Defendant

---

**VERIFICATION OF COMPLAINT**

---

    Plaintiff, ALEXANDER JOHNSON, declare under penalty of perjury under the laws of the State of Florida that I am a party to this action, and that I have read the foregoing and know its contents. The matters stated therein are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true. I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

Date: __11-11-14__                                         _/s/ Alexander Johnson_
                                                                    Alexander Johnson

**EXHIBIT "A"**
